# United States District Court
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CASE NO. 5:01CR3(3)** |
| | § | |
| **BRENDA GAIL PARSON** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On March 20, 2008, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Denise Simpson. Defendant was represented by Randal Lee.

Brenda Gail Parson was sentenced on Novmeber 19, 2001, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of conspiracy to manufacture and distribute methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of VI, was 33 to 41 months. Brenda Gail Parson was subsequently sentenced to 36 months imprisonment followed by a three (3) year term of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment. On September 6, 2005, Brenda Gail Parson completed her period of imprisonment and began service of the supervision term.

In its petition to revoke, the Government alleges the defendant violated the following conditions:

1) The defendant shall not commit another federal, state, or local crime. On or about March 14, 2008, Mrs. Parson was arrested by the Bowie County Sheriff's Office for

**committing the offense of being in possession of marijuana.**

**2) The defendant shall not illegally possess a controlled substance. On or about March 14, 2008, Mrs. Parson was arrested by the Bowie County Sheriff's Office for committing the offense of being in possession of marijuana.**

**3) The defendant shall refrain from any unlawful use of a controlled substance. On March 18, 2008, Mrs. Parson admitted to smoking marijuana. On or about March 14, 2008, Mrs. Parson was arrested along with other people at her residence, all of whom had been arrested and/or convicted for various offense.**

**4) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer. On March 20, 2007, Mrs. Parson was arrested by the New Boston, Texas Police Department for allegedly committing the offense of forgery.**

**At the hearing on the Government's Petition on March 20, 2008, and after consenting to the undersigned's taking the plea, the defendant pled true to the first two allegations as set forth above. The Government will abandon the second two allegations. Based upon the defendant's plea of true to the first two allegations and with no objection by the defendant or the Government, the Court found the defendant did violate her conditions of supervised release as alleged in the U. S. Probation Office's petition.**

**The Court thereafter recommended that the term of supervised release be revoked and the sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is the recommended judgment of the Court that the defendant, Brenda Gail Parson, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months with no supervised release to follow. Based on the foregoing, it is**

      **RECOMMENDED** that the defendant's plea of true to the first two allegations as set forth in the Government's petition be **ACCEPTED**.  Further, it is

      **RECOMMENDED** that the defendant's supervised release be **REVOKED**.  Further, it is

      **RECOMMENDED** that the defendant, Brenda Gail Parson, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months with no term of supervised release to follow said term of imprisonment.

      The parties were informed of the right to file objections to the recommendations as set forth above.  The parties waived their objections.

      Defendant was also advised that she has the right to be present with counsel, to speak in her own behalf, and to have counsel speak in her behalf before this additional sentence is imposed.  Defendant signed a written waiver of her right to be present and speak, and her right to have counsel present and speak, before the district judge imposes the recommended sentence.

      **SIGNED** this 28th day of March, 2008.

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE